

PREET BHARARA
United States Attorney for the
Southern District of New York
By: JOSEPH N. CORDARO
Assistant United States Attorney
86 Chambers Street, 3rd Floor
New York, New York 10007
Telephone: (212) 637-2745
Facsimile: (212) 637-2686
E-mail: joseph.cordaro@usdoj.gov

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - -x
IN RE:                                        :     12 Misc. 17
                                              :
LETTER ROGATORY FROM THE                      :     M 10-7
SPECIAL TAX COURT OF THE                      :
REPUBLIC OF ARGENTINA NO. 7,                  :     AMENDED APPLICATION FOR AN
BUENOS AIRES, ARGENTINA, IN                   :     EX PARTE ORDER PURSUANT
THE MATTER OF GARCIA RIVERO,                  :     TO 28 U.S.C. § 1782
JULIO GUSTAVO S/APELACION                     :
- - - - - - - - - - - - - - - - - - - - - - - - - - - -x



Upon the accompanying declaration of JOSEPH N. CORDARO, executed on January 25, 2012, the United States of America, by its attorney, PREET BHARARA, United States Attorney for the Southern District of New York, petitions this Court for an order, pursuant to 28 U.S.C. § 1782(a), appointing JOSEPH N. CORDARO, Assistant United States Attorney, as Commissioner for the purpose of obtaining information as requested by the Special Tax Court of the Republic of Argentina, from JP Morgan Chase N.A., in New York, New York, pursuant to a letter rogatory request issued by that court in connection with a proceeding pending in that court captioned "Garcia Rivero, Julio Gustavo s/Recurso de Apelacion."

Dated:   New York, New York
         January 25, 2012

                              Respectfully submitted,

                              PREET BHARARA
                              United States Attorney for the
                              Southern District of New York
                              Attorney for the United States
                              of America

                          By: _____
                              JOSEPH N. CORDARO
                              Assistant United States Attorney
                              86 Chambers Street, 3rd Floor
                              New York, New York 10007
                              Tel: (212) 637-2745
                              Fax: (212) 637-2686

PREET BHARARA
United States Attorney for the
Southern District of New York
By: JOSEPH N. CORDARO
Assistant United States Attorney
86 Chambers Street, 3rd Floor
New York, New York 10007
Telephone: (212) 637-2745
Facsimile: (212) 637-2686
E-mail: joseph.cordaro@usdoj.gov

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x
IN RE:                                    :   12 Misc. 17 (Part 1)
                                          :
LETTER ROGATORY FROM THE                  :   M 10-7
SPECIAL TAX COURT OF THE                  :
REPUBLIC OF ARGENTINA NO. 7,              :   DECLARATION OF
BUENOS AIRES, ARGENTINA, IN               :   JOSEPH N. CORDARO
THE MATTER OF GARCIA RIVERO,              :
JULIO GUSTAVO S/APELACION                 :
------------------------------x

I, JOSEPH N. CORDARO, pursuant to 28 U.S.C. § 1746, declare as follows:

1. I am an Assistant United States Attorney in the Office of the United States Attorney for the Southern District of New York, counsel for the United States of America (the "Government"). I make this declaration upon information and belief based upon the attached exhibits and communications with personnel in the United States Department of Justice, to which a letter rogatory has been transmitted for execution.

2. I make this declaration in support of the Government's amended request, pursuant to 28 U.S.C. § 1782(a)[1], for an order appointing me as a Commissioner for the purpose of obtaining information from JP Morgan Chase N.A.

3. In connection with a proceeding captioned "Matter of Garcia Rivero, Julio Gustavo s/Recuso de Apelacion," and pending in the Special Tax Court of the Republic of Argentina (the "Argentine Court"), the Argentine Court issued a letter

---

[1] Section 1782(a) provides, in pertinent part, as follows:

> The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation. The order may be made pursuant to a letter rogatory issued, or request made, by a foreign or international tribunal or upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court. By virtue of his appointment, the person appointed has power to administer any necessary oath and take the testimony or statement. The order may prescribe the practice and procedure, which may be in whole or part the practice and procedure of the foreign country or the international tribunal, for taking the testimony or statement or producing the document or other thing. To the extent that the order does not prescribe otherwise, the testimony or statement shall be taken, and the document or other thing produced, in accordance with the Federal Rules of Civil Procedure.

rogatory seeking information from JP Morgan Chase N.A. A true and correct copy of the letter rogatory is attached hereto as Exhibit A.

4. A Subpoena addressed to JP Morgan Chase N.A., c/o CT Corporation Systems, 111 Eighth Avenue, 13th Floor, New York, New York 10011, which the Government intends to serve upon my appointment as Commissioner, is attached hereto as Exhibit B.

5. In order to assist the Argentine Court in obtaining the requested information, I respectfully request that this Court enter the attached proposed order appointing me as Commissioner. A previous application for the relief sought herein was filed on January 18, 2012 (Docket # 1). However, the declaration of the undersigned in support of that application contained an erroneous attachment. The Government thus submits the instant amended application, and respectfully requests that the Court disregard the previous application.

I declare under penalty of perjury that the foregoing is true and correct.

WHEREFORE, the United States respectfully requests that this Court enter the attached Order.

Dated:   New York, New York
         January 25, 2012

JOSEPH N. CORDARO
Assistant United States Attorney

-3-

# EXHIBIT A



MARIA CONSTANZA CAMPOS
TRADUCTORA PUBLICA
IDIOMA INGLES
Mat. T° XV F° 379 Capital Federal
Inscrip. C.T.P.C.B.A. Nro. 5549

## OFICIO

Buenos Aires, 1 de febrero de 2011

Ministerio de Relaciones Exteriores,
Comercio Internacional y Culto
Sra. Directora de Asuntos Jurídicos
Dra. Pula Sidoti
S     /     D.

      Tengo el agrado de dirigirme a Ud. en mi carácter de Vocal Titular de la 7ª Nominación de la Sala "C" del Tribunal Fiscal de la Nación, a efectos de solicitarle tenga a bien disponer que se dé curso al exhorto adjunto cuyo libramiento fuera dispuesto en la causa: **"GARCIA RIVERO, JULIO GUSTAVO s/ Recurso de Apelación**-impuestos a las ganancias, y de emergencia a las altas rentas-", **Expediente N° 31.612-I**, en trámite ante la Vocalía a mi cargo, Secretaría interinamente a cargo de la Dra. Claudia Inés Cereijo, sito en la calle Av. Julio A. Roca 651, piso 7°, de la Ciudad Autónoma de Buenos Aires.

      Se encuentran autorizados para correr con el diligenciamiento del presente oficio los Dres. María Eugenia Bianchi y/o Yanina Siepe o el Sr. Federico Giacoia, en forma indistinta.

      Saludo a Usted muy atentamente.

VOCAL



**EXHORTO**

**TRIBUNAL FISCAL DE LA NACIÓN**
**REPÚBLICA ARGENTINA**

El Dr. Esteban Juan Urresti, Vocal de la Sala "C", Vocalía de la 7ma. Nominación; del Tribunal Fiscal de la Nación de la República Argentina.

Al Señor Juez que corresponda con Jurisdicción y Competencia en la ciudad de Nueva York, Estados Unidos de Norteamérica,

      **SALUDA, EXHORTA Y HACE SABER:** Que por ante el Tribunal Fiscal de la Nación, sito en Av. Julio A. Roca 651, Capital Federal, de la República Argentina, Sala "C", Vocalía de la 7ma Nominación, a mi cargo, Secretaría interinamente a cargo de la Dra. Claudia Inés Cereijo, tramitan los autos caratulados "**García Rivero Julio Gustavo s/ Apelación**" Expte. 31.612-I, en los cuales el suscripto es competente en razón de la materia y jurisdicción y, se discute la procedencia de la determinación del Impuesto Nacional a las Ganancias, correspondiente al ejercicio fiscal 1999 y el Impuesto de Emergencia sobre las Altas Rentas del período fiscal 1999, en relación a la donación recibida por el Sr. Julio Gustavo García Rivero CUIT 23-08147021-9, en la cuenta N°00062403201 de su titularidad en el Bank Boston, Sucursal Buenos Aires, República Argentina, proveniente de la transferencia ordenada por los Sres. Norberto Priú y Raquel Emilse Oddone de Ostry, con fecha 10/14/1999, desde la cuenta Q79299006 del JPMorgan Chase Bank con domicilio 345 Park Avenue, 5th Floor, New York 10154, al Citibank NA a una cuenta de titularidad del Banco CMF S.A.; que se dirimen entre el mencionado contribuyente con domicilio en la calle José M. Paz 795, de la localidad de Florida, Provincia de Buenos Aires y la Administración Federal de Ingresos Públicos con domicilio en la calle Hipólito Yrigoyen 370, de la Ciudad Autónoma de Buenos Aires, ambas en la República Argentina; se ha dispuesto librar la presente rogatoria en los términos del Convenio sobre la Obtención de Pruebas en el Extranjero en Materia Civil o Comercial, adoptado en La Haya por la Conferencia de Derecho Internacional Privado 03/18/1970, ratificado por la Ley 23.480 de la República Argentina, a efectos de solicitarle a Vuestra Señoría que, por quien corresponda, se sirva requerir a JPMorgan Chase Bank con domicilio 345 Park Avenue, 5th Floor, New York 10154, la siguiente información que deberá ser remitida al referido Tribunal Fiscal de la Nación: 1. Si los Sres. Norberto Priú y Raquel Emilse Oddone de Ostry eran los titulares de la cuenta Q79299006; 2. Fecha de apertura de dicha cuenta; 3. Si los depósitos que se realizaron en dicha cuenta fueron efectuados por la empresa Chevron Canada Resources Ltd.; 4. Si de dicha cuenta se dispuso la transferencia de la suma de u$s 2.867.866,00.- con fecha 14 de octubre de 1999 a favor del Citibank NA, cuenta N° 36012871, de titularidad del Banco CMF S.A. 3. Asimismo, para que informe si la documental adjunta se corresponde con los originales expedidos por la entidad en fecha 28/04/2008. Se agrega copia de la demanda y se trascribe a continuación en lo pertinente el auto que ordena la medida: "*Buenos Aires, 29 de octubre de 2010. Visto el estado de autos, SE RESUELVE: (...) Con relación a lo peticionado en el apartado F) hacer lugar a lo solicitado, en consecuencia librar exhorto a los Estados Unidos de Norteamérica, Ciudad de Nueva York, quedando a cargo del proponente la confección y diligenciamiento, haciéndole saber que el mismo deberá ser firmado por el Vocal Instructor (...). Notifíquese. Fdo. Esteban Juan Urresti, Vocal.*"

      **DADO, SELLADO Y FIRMADO EN MI PÚBLICO DESPACHO, EN BUENOS AIRES, CAPITAL FEDERAL DE LA REPÚBLICA ARGENTINA, A LOS** UN **DÍAS DEL MES DE** FEBRERO **DEL AÑO 2011**.

Sin otro particular saludo a V.S. atentamente.



ESTEBAN JUAN URRESTI
VOCAL



CERTIFICO que la firma que antecede pertenece Al Dr. ESTEBAN JUAN URRESTI Vocal a cargo de la Vocalía de la 7ª Nominación de este Tribunal Fiscal de la Nación, designado/a mediante Decreto del Poder Ejecutivo Nacional N° 963/97 de fecha 12.09.1997, continuando en funciones al día de la fecha.
BUENOS AIRES, 02 de FEBRERO de 2011.-

Dr. JOSE CARLOS MEGASINI
SECRETARIO GENERAL ADMINISTRATIVO
TRIBUNAL FISCAL DE LA NACION

TRADUCCIÓN PÚBLICA/TRANSLATION

Seal of the Special Tax Court.

**OFFICIAL LETTER**

Buenos Aires, February 1, 2011. Ministry of Foreign Relations, International Trade and Cult. To the Head of Legal Affairs, Ms. Paula Sidoti

I am writing in my capacity as Regular Member of Court Room C, Office No. 7 of the Special Tax Court, in order to request you to take the necessary steps in relation to the letters rogatory hereto attached, the issuance of which has been resolved in the proceedings "GARCIA RIVERO, JULIO GUSTAVO s/Recurso de Apelación – impuestos a las ganancias, y de emergencia a las altas rentas-", RECORD 31612-I, pending in the Office under my care, being the pro-tempore Court Clerk Ms. Claudia Inés Cereijo, domiciled at Av. Julio A. Roca 651, 7th Floor, City of Buenos Aires.

The following attorneys: María Eugenia Bianchi and/or Yanina Siepe or Mr. Federico Giacoia, indistinctly, are hereby authorized to take any measures in connection with the official letter.

Very truly yours,

Signature and seal of Esteban Juan Urresti, Regular Member

Seal of the Special Tax Court

**LETTERS ROGATORY**

**SPECIAL TAX COURT OF THE REPUBLIC OF ARGENTINA**

Esteban Juan Urresti, Regular Member of Office No. 7 of Court Room C of the Special Tax Court of the Republic of Argentina, to the Judge having jurisdiction in the City of New York, United States of America, **RESPECTFULLY GREETS, REQUESTS AND INFORMS:** That the proceedings "García Rivero Julio Gustavo s/Apelación" Record 31612-I are pending in the Special Tax Court, domiciled at Julio A. Roca 651, City of Buenos Aires, Republic of Argentina, Office No. 7 of Court Room C, under my care, being the pro-tempore Court Clerk Ms. Claudia Inés Cereijo. That the undersigned has jurisdiction over the subject-matter and venue and these proceedings decide on the applicability of the assessment of income tax for fiscal year 1999 and emergency tax on high income earners for fiscal year 1999, in connection with the gift received by Mr. Julio Gustavo García Rivero, Taxpayer Identification Number 23081470219, in account # 00062403201, held by him in Bank Boston, Buenos Aires Branch, Republic of

Argentina, derived from the transfer ordered by Mr. Norberto Priú and Mrs. Raquel Emilse Oddone de Ostry on 14/10/1999, from account # Q79299006 of JPMorgan Chase Bank, domiciled at 345 Park Avenue, 5th Floor, New York 10154, to Citibank NA to an account owned by Banco CMF S.A.; being the parties the taxpayer referred to above, domiciled at José M. Paz 795, Florida, Province of Buenos Aires, and the Tax Authorities (Administración Federal de Ingresos Públicos), domiciled at Hipólito Yrigoyen 370, City of Buenos Aires, both in Argentina; it has been resolved to issue these letters rogatory under the terms of the Convention on the Taking of Evidence Abroad in Civil and Commercial Matters, signed by the Hague Conference on Private International Law on 03/18/1970, acknowledged by Act 23480 enacted in Argentina, for the purposes of requesting Your Honor that by the applicable means JPMorgan Chase Bank, domiciled at 345 Park Avenue, 5th Floor, New York 10154, be asked for the following information to be sent to the Special Tax Court mentioned above: 1. Whether Mr. Norberto Priú and Mrs. Raquel Emilse Oddone de Ostry were holders of account # Q79299006; 2. Date at which such account was opened; 3. Whether the deposits made in that account were made by the company Chevron Canada Resources Ltd.; 4. Whether the amount of US$2,867,866.00 was transferred from that account on October 14, 1999 to the benefit of Citibank NA, account # 36012871, owned by Banco CMF S.A. In addition, for it to inform whether the documentary evidence hereto attached agrees with the original documents issued by the bank on 04/28/2008. A copy of the complaint is attached hereto and the applicable part of the ruling ordering this measure is transcribed as follows: "*Buenos Aires, October 29, 2010. WHEREAS: The state of the proceedings. IT IS RESOLVED (...) In relation to the request made in paragraph F), to sustain the request and, accordingly, to issue the letters rogatory to the United States of America, City of New York, assuming plaintiff responsibility for its preparation and service of notice; such letters rogatory shall be signed by the corresponding Regular Member (...). Be it notified. Signed by Esteban Juan Urresti. Regular Member.*"---------------------------------------------------------------

**ISSUED, SEALED AND SIGNED IN MY CAPACITY AS JUDGE, IN THE CITY OF BUENOS AIRES, REPUBLIC OF ARGENTINA, ON THIS FIRST DAY OF FEBRUARY, 2011.** ---------------------------------------------------------------

Signature and seal of Esteban Juan Urresti, Regular Member ---------------------------

I hereby certify that the signature above belongs to Esteban Juan Urresti, Regular Member in charge of the Office No. 7 of the Special Tax Court, appointed by Decree 963/97 issued by the National Executive Branch on September 18, 1997, and currently in office. Buenos Aires, February 2, 2011. Signature of José Carlos Megasini, General Administrative Secretary, Special Tax Court. ------------------------------------

This is a true translation from Spanish into English of the document I had before me and to which I refer in the City of Buenos Aires, on this 2nd day of the month of March of the year 2011. ------------------------------------

(The following is included only for certification purposes in Argentina) ------------

Es traducción fiel del idioma castellano al idioma inglés del documento que tuve a la vista y al cual me remito en la Ciudad de Buenos Aires, a los 2 días del mes de marzo del año 2011. ------------------------------------

MARIA CONSTANZA CAMPOS
TRADUCTORA PUBLICA
IDIOMA INGLES
Mat. T° XV F° 379 Capital Federal
Inscrip. C.T.P.C.B.A. Nro. 5549



63124 18035
02/03/2011



# COLEGIO DE TRADUCTORES PÚBLICOS
# DE LA CIUDAD DE BUENOS AIRES

REPÚBLICA ARGENTINA
LEY 20.305

## LEGALIZACIÓN

Por la presente, el COLEGIO DE TRADUCTORES PÚBLICOS DE LA CIUDAD DE BUENOS AIRES, en virtud de la facultad que le confiere el artículo 10, inc.d) de la ley 20.305, certifica únicamente que la firma y el sello que aparecen en la traducción adjunta concuerdan con los correspondientes al/la Traductor/a Público/a CAMPOS, MARÍA CONSTANZA que obran en los registros de esta institución en el folio 379 del Tomo 15 en el idioma INGLES

Legalización Número:   18035

Buenos Aires, 02/03/2011

MARCELO F. SIGALOFF
Gerente de Legalizaciones
Colegio de Traductores Públicos
de la Ciudad de Buenos Aires

**ESTA LEGALIZACIÓN NO SE CONSIDERARÁ VÁLIDA SIN EL CORRESPONDIENTE TIMBRADO DE CONTROL EN LA ÚLTIMA HOJA DE LA TRADUCCIÓN ADJUNTA**

Control Interno: 6312418035

Av. Corrientes 1834 - C1045AAN - Ciudad Autónoma de Buenos Aires - 4373-7173 y líneas rotativas

THE *COLEGIO DE TRADUCTORES PÚBLICOS DE LA CIUDAD DE BUENOS AIRES* (Sworn translators association of the city of Buenos Aires) pursuant to 20305 act, section 10, subsection d, hereby certifies that the signature and the seal on the translation attached hereto match the signature and seal of the Sworn Translator (Traductor Público) in our files.

THIS CERTIFICATION IS NOT VALID WITHOUT THE PERTINENT CONTROL STAMP ON THE LAST PAGE OF THE TRANSLATION ATTACHED HERETO.

Vu par le *COLEGIO DE TRADUCTORES PÚBLICOS DE LA CIUDAD DE BUENOS AIRES* (Ordre de Traducteurs Officiels de la ville de Buenos Aires), en vertu des attributions que lui ont été accordées par l'article 10, alinéa d) de la Loi n° 20.305, pour la seule légalisation matérielle de la signature et du sceau du Traductor Público (Traducteur Officiel) apposés sur la traduction du document ci-joint, qui sont conformes à ceux déposés aux archives de cette Institution.

LE TIMBRE APPOSÉ SUR LA DERNIÈRE PAGE DE LA TRADUCTION FERA PREUVE DE LA VALIDITÉ DE LA LÉGALISATION.

Con la presente il *COLEGIO DE TRADUCTORES PÚBLICOS DE LA CIUDAD DE BUENOS AIRES* (Collegio dei Traduttori Giurati della Città di Buenos Aires) ai sensi della facoltà conferitagli dall'articolo 10, comma d), della Legge 20.305, CERTIFICA, esclusivamente, la firma ed il timbro del Traductor Público (Traduttore Giurato), apposti in calce alla qui unita traduzione, in conformità alla firma ed al timbro depositati nei propri registri.

LA PRESENTE LEGALIZZAZIONE SARÀ PRIVA DI VALIDITÀ OVE NON VENGA TIMBRATA NELL' ULTIMO FOGLIO DELLA TRADUZIONE.

Através da presente, o *COLEGIO DE TRADUCTORES PÚBLICOS DE LA CIUDAD DE BUENOS AIRES* (Colégio de Tradutores Públicos da Cidade de Buenos Aires), no uso de suas atribuições, de conformidade com o artigo 10, alínea "d", da Lei 20.305, certifica unicamente que a assinatura e o carimbo do Traductor Público (Tradutor Público) que subscreve a tradução anexa conferem com a assinatura e o carimbo arquivados nos registros desta instituição.

A PRESENTE LEGALIZAÇÃO SÓ SERÁ CONSIDERADA VÁLIDA COM A CORRESPONDENTE CHANCELA MECÂNICA APOSTA NA ÚLTIMA FOLHA DA TRADUÇÃO

BEGLAUBIGUNG. Der *COLEGIO DE TRADUCTORES PÚBLICOS DE LA CIUDAD DE BUENOS AIRES* (Kammer der Vereidigten Übersetzer der Stadt Buenos Aires), kraft der Befugnisse, die ihr nach Artikel 10, Abs.d) des Gesetzes 20.305 zustehen, bescheinigt hiermit lediglich die Übereinstimmung der Unterschrift und des Siegelabdruckes auf der beigefügten Übersetzung mit der entsprechenden Unterschrift und dem Siegelabdruck des Traductor Público (VereidigtenÜbersetzers), die in den Registern dieser Institution hinterlegt worden sind.

DIESE BEGLAUBIGUNG IST NICHT GÜLTIG OHNE DEN ENTSPRECHENDEN GEBÜHRENSTEMPEL AUF DEM LETZTEN BLATT DER BEIGEFÜGTEN ÜBERSETZUNG.

MARIA CONSTANZA CAMPOS
TRADUCTORA PUBLICA
IDIOMA INGLES
Mat. T° XV F° 979 Capital Federal
Inscrip. C.T.P.C.B.A. Nro. 5549

29 ABR 2008

1232/8

COPIA ESTUDIO

## DEDUCE RECURSO DE APELACION. PLANTEA EXCEPCIÓN PREVIA DE PRESCRIPCIÓN. OFRECE PRUEBAS. FORMULA RESERVA.

Excmo. Tribunal Fiscal de la Nación:

Enrique J. CARRICART, abogado, en mi carácter de letrado apoderado de **Julio Gustavo García Rivero CUIT 23-08147021-9**, con domicilio fiscal en la calle José M. Paz 795, Florida, Provincia de Buenos Aires, constituyendo domicilio procesal a los efectos de las presentes actuaciones en la calle Uruguay N° 618, piso primero, Dto. "A", de la Ciudad de Buenos Aires, a V.E. como mejor proceda me presento y digo:

### 1.- PERSONERÍA.

Con la copia del poder especial otorgado por el Sr. Julio Gustavo García Rivero el 15 de abril de 2008 al folio N° 284 del Registro 1143 de la Ciudad de Buenos Aires, a cargo de la escribana María Ofelia Romero Frigerio, matrícula 2378, cuya vigencia y autenticidad declaro bajo juramento, acredito mi carácter de apoderado con facultades suficientes para comparecer ante V.E. para deducir esta apelación.

### 2.- OBJETO.

En el carácter invocado y siguiendo expresas instrucciones de mi mandante, vengo en legal tiempo y forma a deducir el recurso de **APELACIÓN** que autoriza el art. 76, inc. b) y el art. 165 de la Ley 11.683 (t.o. en 1998) contra la resolución N°52/2008 (DV NRR1) que lleva fecha 31 de marzo de 2008, notificada el día 7 de abril de 2008, suscripta por la Sra. Jefe (Int.) de la División Revisión y Recursos de la Dirección Regional Norte, Cont. Púb. Débora Silvina Oleta mediante la cual se determinó presuntas obligaciones fiscales de mi instituyente en el Impuesto a las Ganancias correspondiente al período fiscal 1999 por la suma de $73.085,65.- en concepto de capital, con más la suma de $172.433,41.- en concepto de intereses resarcitorios calculados al 18/03/2008 y, se le aplica una multa por presunta comisión de la infracción prevista en el art. 45 de la Ley 11.683, la que ha sido calculada en el 80% del gravamen supuestamente dejado de ingresar, es decir, en la suma de $58.468,52.-

1

ZA CAMPOS
PUBLICA
3LES
Capital Federal
A. Nro. 5549

Asimismo esta apelación se dirige contra la Resolución N° 53/2008 de la misma fecha, suscripta por la misma funcionaria mediante la cual se determinó de oficio el Impuesto de Emergencia a las Altas Rentas del período fiscal 1999 por la suma $14.617,13.- en concepto de capital, con mas el importe de $34.486,69.- en concepto de intereses resarcitorios, y se le aplica una multa por presunta omisión de impuestos, calculada en la suma de $11.693,70.-

Toda vez que ambas resoluciones se sustentan en premisas de hecho comunes, mi representado considera aconsejable apelarlas en un único escrito en virtud del principio de economía procesal.

Por las razones de hecho y derecho que pasamos a relacionar solicitamos a V.E. que revoquen ambas resoluciones en todas sus partes, con expresa imposición de costas a la administración.

### 3.- CONSIDERACIONES GENERALES PREVIAS.

#### 3.1.- Fundamentos de la pretensión fiscal.

Las Resoluciones apeladas tienen la pretensión de descalificar como tales las donaciones en dinero recibidas por mi conferente de la Sra. Emilse Oddone de Ostry y del Sr. Norberto Priú que fueran instrumentadas mediante el contrato que se encuentra agregado en los antecedentes administrativos al ser requerido por el personal que llevó a cabo la auditoría fiscal.

Las resoluciones apeladas manifiestan que:

*a)* Las sumas recibidas mediante esos actos a título gratuito representaban *en realidad* el cobro de una remuneración o gratificación alcanzada por el Impuesto a las Ganancias conforme la norma de art. 79, inciso b) de la ley del tributo que, en lo pertinente, expresa: *"Constituyen ganancias de la cuarta categoría las provenientes:...b) del trabajo personal ejecutado en relación de dependencia".*

*b)* La instrumentación de la donación por parte de los Sres. Ostry y Priú sería una *simulación* de la verdadera intención de los ex accionistas de Petrolera Argentina San Jorge S.A. de compensar y/o premiar a los empleados de dicha sociedad por el compromiso en sus labores a lo largo de los años trabajados en la referida empresa.

2

*c)* Por aplicación del principio de realidad económica (art. 2º de la Ley 11.683) descalifica el contrato celebrado entre mi mandante y los Sres. Priú y Ostry, por considerarlo una estructura jurídica inadecuada.

*d)* Existiría una connivencia maliciosa entre los donantes y mi representado, tendiente a estructurar la compensación supuestamente recibida como resultado de las tareas desarrolladas en la citada empresa, de forma tal de evitar la imposición.

*e)* Habría existido un *"despliegue operativo"* para minimizar la carga tributaria, como consecuencia del cual los intereses fiscales se habrían visto severamente lesionados.

f) Atento que se trataría de ganancias gravadas y no de ingresos exentos, el organismo considera que al no haberse practicado las retenciones pertinentes por parte del empleador, mi representado debió inscribirse y liquidar el tributo correspondiente al año 1999 y efectuar el pago del gravamen por sí mismo. Al haber omitido dar cumplimiento a esa obligación, considera que se trata de un contribuyente no inscripto y que por tal razón le sería aplicable el plazo de prescripción decenal.

g) Correspondería a mi mandante - no al organismo que alega la simulación de las donaciones-, ofrecer y producir pruebas tendientes a demostrar que las sumas recibidas no obedecieron (prueba negativa) a gratificaciones derivadas de los servicios prestados en Petrolera Argentina San Jorge S.A.

Sobre la base de esos argumentos, brevemente reseñados el organismo fiscal determina el Impuesto a las Ganancias y el Impuesto de Emergencia sobre las Altas Rentas del período 1999, gravámenes que mi representado considera prescriptos, aplicando cuantiosos intereses y severas multas por presunta omisión fiscal.

Cabe poner en conocimiento de V.E., ya en esta instancia preliminar del recurso, que la tesis fiscal no es nueva, sino que por el contrario, viene siendo sostenida y reforzada desde hace tiempo, pese a que hasta el momento los precedentes judiciales dictados en causa análogas han sido desfavorables a la administración.

3

CAMPOS
JBLICA
ES
Hal Federal
Nro. 5549

Ante los embates de dicha jurisprudencia -la cual será reseñada a lo largo de este escrito y fuera expresamente invocada en la contestación de la vista-, lejos de abandonar su fantasiosa elucubración, ahora introduce un nuevo giro argumental a la trama por aquélla pergeñada, que pretende presentar los hechos como si hubiese existido una connivencia entre los Sres. Priú y Ostry y mi representado, tendiente a perjudicar el erario público y a ocasionar un daño fiscal que como se dejará probado no ha existido.

En suma, como se verá, la tesis del Fisco intenta desviar la atención de V.E. sobre el reclamo concreto que se le formula a mi representado englobando su pretensión dentro de una presunta maniobra colectiva de evasión en la que habrían participado los donantes, mi mandante, Petrolera Argentina San Jorge. S.A. y otros donatarios beneficiado por aquéllos. Se trata de una fabulación que no se sostiene en otra cosa que en la voluntad del funcionario sin respaldo fáctico alguno.

Por lo tanto, en esta defensa mi mandante se limitará a efectuar su defensa individual, en el caso concreto, tal como lo exige la naturaleza del proceso.

En resumen, el organismo invierte los hechos tal cual han acontecido; achaca confabulaciones que no han existido, invoca un perjuicio que no se ha producido y, en definitiva, obliga a mi mandante a apelar a la sensatez de V.E. para repeler el hostigamiento fiscal de que es víctima.

### 3.2.- Los hechos del caso.

Expuesto lo anterior veamos cuales son los hechos del caso:

Mi representado, el señor Julio Gustavo García Rivero (no sabemos por que razón la AFIP ha prescindido de su verdadero apellido), se desempeñó durante muchos años como empleado de la empresa Petrolera Argentina San Jorge S.A., empresa de la cual el Ing. Egon Ostry, cónyuge de la Sra. Raquel Emilse Oddone de Ostry, -fallecido hace ya varios años- había sido uno de sus fundadores junto al Ing. Norberto Priú.

Desde el fallecimiento del Ing. Egon Ostry, los únicos accionistas de las sociedades antes mencionadas fueron la señora Raquel

4

CAMPOS
JBLICA
ES
ital Federal
Nro. 5549

Emilse Oddone de Ostry y el Ing. Norberto Priú, titular cada uno del 50% del paquete accionario de la empresa.

En el año 1999, los accionistas - en ese momento de 84 y 87 años de edad, respectivamente-, deciden vender la totalidad de sus tenencias accionarias en Petrolera San Jorge, contratando para ello a la firma internacional J. P. Morgan Securities para la gestión de esa operación.

Como resultado de ella, el 27/09/99 se concreta la venta del 100% de las acciones a la firma internacional Chevron Canada Resources Ltd., por la suma de U$S 1.200.000.000, correspondiendo a cada accionista la suma de U$S 600.000.000.-

Cabe señalar que tanto la Sra. de Ostry como el Ing. Priú antes de la operación de venta de las acciones mencionada, eran ya titulares de un importante patrimonio acumulado durante muchos años, originado en honorarios de directorio y dividendos de sus empresas muy rentables, en especial, Petrolera San Jorge que entre 1995 y 1999 distribuyó a sus accionistas dividendos en efectivo por $300.000.000.-, equivalentes en ese período, como se recordará, a U$S 300.000.000.-

Al recibir el precio de la operación de venta, tanto la Sra. Ostry como el Sr. Priú, decidieron con ánimo altruista, donar a sus allegados -entre los cuales se encontraban sus hijos, su hijo político y amistades generadas a lo largo de tantos años-, importantes sumas de dinero que, no aparecen escandalosas ni desproporciondas si se tiene cuenta su cuantioso patrimonio.

Para ello, decidieron instrumentar las referidas liberalidades a través de contratos de donación, jurídicamente inobjetables, celebrados directamente con cada uno de los beneficiarios.

Los respectivos contratos se ocupan de aclarar expresamente que *"La gratuidad del presente acto significa que la suma y el concepto mencionados en el párrafo anterior, no remuneran ni retribuyen –directa ni indirectamente- ninguna tarea, recompensan ninguna acción y/o inacción, como tampoco obligan a El donatario a ningún tipo de conducta, ni contraprestación futura a favor de La/El donante ni de terceros"*, sencillamente porque esa era la voluntad de los donantes, desprenderse de parte de su patrimonio a favor de sus allegados con los cuales mantenían estrechos vínculos afectivos y/o de amistad.

5